# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GAME TRACKER, INC., ) | |
| ) | |
| DEBTOR ) | |
| -------------------------------------- | |
| ERNEST EDWARDS, ET AL., ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| v. ) | CIVIL NO. 2:10-CV-189-DBH |
| ) | |
| EASTMAN OUTDOORS, INC., ) | |
| ET AL., ) | |
| DEFENDANTS ) | |

## DECISION AND ORDER ON MOTION TO STRIKE JURY DEMAND

On August 2, 2011, the Eastman defendants filed a document claiming a jury trial based upon demands made in 2004. Those 2004 demands were made in this District by the Edwards plaintiffs and by a previous defendant in a lawsuit that named Game Tracker, Inc. as codefendant.[1] Thereafter, Game Tracker defaulted. The Edwards plaintiffs have now objected to the Eastman defendants' claim to jury trial and have moved to strike the request. After oral argument on October 18, 2011, the motion to strike is **GRANTED**.

---

[1] After those jury demands were made, Game Tracker defaulted in the lawsuit and then filed for bankruptcy in the Eastern District of Michigan, automatically staying the lawsuit here. In the Michigan proceedings, the trustee in bankruptcy added the Eastmans–former owners of Game Tracker–as Adversary Defendants in the bankruptcy filing. In settling the bankruptcy trustee's claim against them, the Eastmans agreed to defend certain pending Game Tracker product liability claims, including the one filed by the Edwardses. In 2009, the bankruptcy judge asked sua sponte to have the reference of the adversary proceeding withdrawn. The District Court granted the motion and transferred venue of the Edwardses' claims back to this District.

The issue I decide here is whether the right to a jury trial continues after default.[2] I addressed this matter several years ago in <u>Benz v. Skiba, Skiba &</u>

---

[2] At oral argument, the Eastman defendants' counsel placed a new twist on the controversy. He argued that the case now pending in this District is only the objection to the Edwardses' claim in the Bankruptcy Court for the Eastern District of Michigan as transferred here. (The Eastman defendants entered that objection and a companion jury demand after they agreed to defend debtor Game Tracker against certain tort claims, including that of the Edwardses.) The Eastmans' counsel argued that the pre-bankruptcy default filed in this court in 2004 could have no effect on the claim objection controversy, because the default applied only to Game Tracker–not to the Eastman defendants, who assumed liability, if any, through a later settlement with the bankruptcy trustee. Counsel argued that the jury demand the Eastman defendants filed in bankruptcy court should apply in this matter and that Game Tracker's default is basically irrelevant to the current proceedings.

    I did not understand the Eastman defendants to have made this argument when they previously moved to vacate the default. See <u>Mot. to Set Aside Default with Inc. Mem. of Law</u> (Docket Item 30). Moreover, in transferring the case here, Judge Rosen of the Eastern District of Michigan certainly did not have that view. He stated:

> [T]his matter comes before this Court against the procedural backdrop of a clerk's entry of default against Debtor in the Maine district court. As Claimants correctly observe, Debtor (or Objectors, standing in Debtor's shoes) will have to show "good cause" for setting aside this default before Claimants' claims may be defended on the merits.

<u>Op. and Order Setting Venue for Claimants' Pending Pers. Injury Tort Claims</u> at 7 (Docket Item 16), filed in <u>In re Game Tracker, Inc.</u>, 09-14589 (E.D. Mich.). I am unaware that the Eastman defendants objected to Judge Rosen's characterization. In fact, their earlier filings seem to have anticipated this approach. For example, the Eastman defendants told the bankruptcy court that:

> FRCP 55(c) allows the Court to set aside a default "for good cause shown." . . . It is Eastman's assumption that when their Objection to Edwards' Claim is referred to the District Court in Michigan, that Court will transfer the case to the District Court in Maine. The Maine Court will then proceed with the litigation, and the issue of whether the default should be set aside under FRCP 55, will be decided by that Court.

<u>Br. in Support of Objection to Claim No. 13 of Ernest and Karla Edwards</u> at 12-13 (Docket Item 182), filed in <u>In re Game Tracker, Inc.</u>, 04-34324 (Bankr. E.D. Mich.). In their Reply Brief, the Eastmans added:

> If this Court is to consider the underlying equities, the most equitable result is to place the parties in the position called for under the Settlement Agreement. That is, Eastman is in the same place the debtor [Game Tracker] was as of the date of the bankruptcy filing, which is there has been a default, but not a judgment entered in the Maine District Court proceeding. It should then be up to the District Court to determine whether that default should be set aside, or whether Eastman can only litigate damages.

<u>Eastman's Reply Br. in Support of Objection to Claim No. 13 of Ernest and Karla Edwards</u> at 16 (Docket Item 189), filed in <u>In re Game Tracker, Inc.</u>, 04-34324 (Bankr. E.D. Mich.). Moreover, the Eastmans explicitly based their claim to a jury trial in part upon the demands filed by the Edwardses and the previous codefendant in the Maine district court case, the same case in which the Game Tracker default was entered. See <u>Reliance on Jury Demand</u> (Docket
*(continued next page)*

Glomski, 164 F.R.D. 115, 116 (D. Me. 1995), where I noted that caselaw dating to the eighteenth century confirms that the right to a jury trial does not survive default.[3] Since Benz, no contrary authority has arisen in the First Circuit or elsewhere. Instead, the First Circuit has held that "[n]either the Seventh Amendment nor the Federal Rules of Civil Procedure require a jury trial to assess damages after entry of default in these circumstances." Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 16 (1st Cir. 1999). Thus, I continue to regard Benz as the proper approach.

Here, default was entered long ago against Game Tracker, the source of any liability on the part of the Eastman defendants, and I recently denied a motion to set the default aside. See Dec. and Order on Mot. to Set Aside Default (Docket Item 42).[4] Rule 55(b) directs me in post-default procedure: either the clerk can enter a default judgment for a sum that is or can be made certain by computation or, if damages are uncertain, I as judge can enter a default judgment. Fed. R. Civ. P. 55(b). In the latter case, I also decide whether the matter requires an evidentiary hearing:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A)  conduct an accounting;
> (B)  determine the amount of damages;
> (C)  establish the truth of any allegation by evidence; or

---

Item 57). Because this has been the posture of the case throughout, I agree with Judge Rosen and accept the case as he transferred it.

[3] For further historical discussion of a default's preempting rights to a jury trial for damages, see Paul Mogin, *Why Judges, Not Juries, Should Set Punitive Damages*, 65 U. Chi. L. Rev. 179, 200-04 (1998).

[4] More detail on the long procedural history of this dispute is available there and in Magistrate Judge Rich's Order ruling on a Motion in Limine. See Mem. Dec. and Order on Mot. in Limine (Docket Item 56).

(D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). The "federal statutory right to a jury trial" to which the rule refers is a very narrow category, not applicable here.[5] Moreover, this record does not warrant exercise of the court's discretion to provide a post-default jury trial. Finally, although 14 M.R.S.A. § 156 provides a *state* law right to jury trial, *federal* law governs the right to jury trial in federal court. 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2302 (3d ed. 2008).

I therefore follow <u>Benz</u> and <u>Graham</u>, and the motion to strike is **GRANTED**.

**SO ORDERED.**

**DATED THIS 24TH DAY OF OCTOBER, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[5] As I ruled in <u>Benz</u>, it "applies to statutes requiring jury trials specifically after default has occurred," namely 28 U.S.C. § 1874 and similar statutes, which are not applicable here. 164 F.R.D. at 115-16. Contrary to the defendants' argument, 28 U.S.C. § 1411, dealing with jury trials in bankruptcy, does not require a jury trial specifically after default has occurred.